UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. BANKS, III, | ) | CASE NO. 1:25-cv-355 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| RACHEL REID, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Charles Banks' ("Plaintiff") Complaint. (Doc. 1.) Also before the Court is Plaintiff's Application to Proceed *In Forma Pauperis*. (Doc. 2.) For the reasons below, the Application is GRANTED, and the Complaint is DISMISSED.

I.  BACKGROUND

This is the latest in a series of cases filed by *pro se* litigant Charles E. Banks, III. *See Banks v. Atwell et al.*, No. 24-cv-00002-DAP (N.D. Ohio Mar. 28, 2024) (suing Applebee's restaurant employees for discrimination, slander, spreading genetic information and sex offender status); *Banks v. Reid et al*, No. 24-cv-00008-PAB (N.D. Ohio Mar. 29, 2024) (suing Roosters restaurant employees for discrimination, slander, spreading genetic information and discovery of sex offender status); *Banks v. Hardyman et al*, 24-cv-00123-CEF (N.D. Ohio Apr. 2, 2024) (suing Roosters restaurant employees with same claims as prior case); *Banks v. Doe et al*, No. 24-cv-00172-DCN (N.D. Ohio Mar. 21, 2024) (illegible complaint against One Stop Jobs and Family Services); *Banks v. Williams et al.*, No. 24-cv-00173-JPC (N.D. Ohio Apr. 17, 2024) (illegible complaint against One Stop Jobs and Family Services); *Banks v. Smith et al.*, No. 25-cv-00356-DCN (N.D. Ohio Apr. 2, 2025) (suing Fazio's restaurant employees for genetic information spread in job discrimination and sex offender status); *Banks, III v. Bianchims et al.*,

No. 24-cv-00250-JRK (N.D. Ohio May 31, 2024) (illegible complaint against Aramark employees). All of his complaints are handwritten, largely illegible, and incoherent. They all were dismissed *sua sponte* for failing to meet minimum notice pleading requirements.

Like his previous pleadings, this Complaint is very brief, handwritten, and nearly illegible. His statement of claim is indecipherable. From the few words the Court can discern from his pleading, he appears to be suing employees of an O'Charley's restaurant in Ontario, Ohio, claiming they conducted a Google search on his genetic information and criminal record and determined that he is a registered sex offender. He states he located employment in Nashville, Tennessee; however, the remainder of that sentence and the sentences that follow are illegible. As the basis for jurisdiction, Plaintiff lists: 895 Freedom of Information, 550 civil rights, 440 other civil rights, Title VII Civil Rights Act. (Doc. 1 at 3.) These correspond to the Nature of Suit codes on the Court's Civil Cover Sheet form. He seeks $ 1,150,000.00 in damages.

## II.     LEGAL STANDARD

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.     ANALYSIS

Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard. To meet these minimum pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Complaint is composed of mostly illegible sentence fragments, and random legal terms or citations. It does not contain any discernible factual allegations or coherent legal claims. Neither the Court, nor the Defendants, are required to conjure unpled facts or construct full blown claims from sentence fragments. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (6th Cir. 1985). This Complaint fails to meet minimum notice pleading requirements. Fed. R. Civ. P. 8.

Until now, Courts in the district have been indulgent of Plaintiff's filings, however, there comes a point when the Court can no longer permit the filing of patently frivolous lawsuits at taxpayer expense.  Two judges in previous cases cautioned Plaintiff he would be enjoined from proceeding *in forma pauperis* if he continued to file frivolous actions.  *See Banks v. Williams et al.*, No. 24-cv-00173-JPC (N.D. Ohio Apr. 17, 2024) (Doc. 3 at 25); *Banks, III v. Bianchims et al.*, No. 24-cv-00250-JRK (N.D. Ohio May 31, 2024) (Doc. 7 at 49).  Undeterred, Plaintiff filed this action, using the same format he has repeatedly been told is frivolous.

It is apparent that unless steps are taken to place some restrictions on Plaintiff's litigation activities, he will continue to file patently frivolous lawsuits without having a financial stake in the litigation.  Proceeding *in forma pauperis* is a privilege, and not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 10-cv-663, 2010 WL 5092713, 2010 U.S. Dist. LEXIS 129244, at *3-4 (W.D. Ky. Dec. 7, 2010).  Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits.  *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Levy v. Macy's, Inc.*, No. 13-cv148, 2014 WL 49188, 2104 U.S. Dist. LEXIS 1809, at *16 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 12-cv-770, 2013 WL 1092915, 2013 U.S. Dist. LEXIS 36029, at *4-5 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 10-cv-663, 2010 WL 5092713, 2010 U.S. Dist. LEXIS 129244, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Mich. Nat'l Bank*, No. 09-cv-1023, 2010 WL 2384535, 2010 U.S. Dist. LEXIS 57448, at *6 (W.D. Mich. June 10, 2010).  Plaintiff has abused the privilege of proceeding *in forma pauperis* by submitting numerous frivolous complaints.  Therefore, Plaintiff is barred from proceed *in forma pauperis* in any future action and shall be

required to pay the full filing fee at its initiation. Furthermore, Plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may impose additional sanctions including a permanent injunction from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

## IV. CONCLUSION

Plaintiff's Charles Banks' Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. For the reasons stated above, this action is DISMISSED pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Furthermore, Plaintiff is barred from proceeding *in forma pauperis* in any future action filed in this Court and must pay the full filing fee at the inception of the case.

**IT IS SO ORDERED.**

Date: May 14, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE